MARY S. HARCINSKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
HARCINSKE v. COMMISSIONER
Docket No. 7783-82.
United States Tax Court
T.C. Memo 1984-132; 1984 Tax Ct. Memo LEXIS 538; 47 T.C.M. (CCH) 1287; March 19, 1984. Mary S. Harcinske, pro se. Marikay Lee-Martinez, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $1,122 in petitioner's Federal income taxes for 1978. The issues remaining in dispute are petitioner's entitlement to deductions for an alleged theft loss and an alleged bad debt. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioner was a resident of Arizona at the time she filed her petition herein. Petitioner filed her 1978 Federal income *539 tax return claiming unmarried head of household filing status. Respondent determined, and petitioner has now conceded, that petitioner was not entitled to claim head of household status. From 1974 through at least the time of trial, one Daniel J. Davis, who is not related to petitioner, resided with petitioner. Petitioner claimed Davis as a dependent on her 1978 tax return. On that return she also deducted $9,000 alleged by her to be a bad debt owed to her by Davis as a result of her providing support to Davis. The bad debt claim was calculated as $3,000 per year for 3 years. There was no written agreement between the parties for the alleged debt, and there was no due date for the alleged debt. Petitioner decided that the alleged debt became unenforceable during 1978 because Davis was unable to find employment and at the end of that year was notified of a $6,390 judgment against him for child support. Petitioner did not make any demands that Davis pay the alleged debt because she concluded that such demands would be futile. During 1978, petitioner and Davis resided in a rented apartment near Green Lake, Wisconsin. During October 1978, petitioner and her landlord became *540 involved in a dispute. Petitioner contended that she had performed work on the rented property in exchange for the rent of such property for a month, whereas the landlord demanded cash payment for such rent. The landlord commenced an action for unlawful detainer against petitioner. Petitioner and Davis moved from the rented property and did not return because of fear of the landlord and his associates. Petitioner was thereafter unable to obtain personal property left on the rented premises, and she claims that the property was the subject of a theft by the landlord. OPINION In this proceeding petitioner bears the burden of proof and must pursuade us that respondent's determinations are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To be entitled to the claimed deduction for theft loss, petitioner must show some criminal appropriation of her property. Section 165; [1]section 1.165-8, Income Tax Regs. Seizure of property as a result of a civil judicial proceeding does not give rise to a deduction for a theft loss. In this case petitioner's proof falls far short of establishing criminal conduct *541 by the landlord or by any other person. A more reasonable inference from the evidence is that the property was seized under color of law, and such seizure does not constitute a theft. See Rafter v. Commissioner,60 T.C. 1 (1973), affd. 489 F.2d 752 (2d Cir. 1974); Vance v. Commissioner,36 T.C. 547 (1961); Belisle v. Commissioner,T.C. Memo. 1973-10, affd. per curiam (9th Cir., Aug. 26, 1974) (74-2 USTC par. 9765). With respect to the claimed bad debt, petitioner's evidence does not satisfy the criteria for deductibility under section 166. A deductible bad debt requires "a debtor-creditor relationship based upon a valid and enforceable obligation to pay a fixed or determinable sum of money." Section 1.166-1(c), Income Tax Regs. Petitioner testified that "at the time of the agreement, it's true that there was no maturity date." Her calculation of the amount of the alleged debt is obviously an estimate, and she has in any event not provided adequate substantiation *542 of the amounts allegedly spent.Under these circumstances, we cannot find an enforceable obligation for a determinable amount, and petitioner again has failed to sustain her burden of proof. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩